UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **JEANNE DYCUS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:11-cv-00491-JTM |
| | ) |
| **WELLS FARGO BANK N.A. d/b/a** | ) |
| **WELLS FARGO HOME MORTGAGE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MOTION AND SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Jeanne Dycus ("Plaintiff") and the undersigned counsel are pleased to notify the Court that Plaintiff has reached an agreement with Wells Fargo Bank, N.A. ("Wells Fargo") to settle the claims of Plaintiff and a proposed "Settlement Class," as defined in the Parties' Settlement and Release Agreement ("Agreement") and in the accompanying Motion for Preliminary Approval of Class Action Settlement, in the above-captioned litigation (the "Litigation").

The Parties entered into the Agreement on May 15, 2012, and entered into an "Addendum to Settlement and Release Agreement" on June 22, 2012 (the "Addendum"), which together memorialize a negotiated and agreed-upon settlement of the Litigation, subject to approval of the Court (the "Settlement"). The Settlement provides very substantial benefits to each of the Settlement Class members and comports with due process. The anticipated average amount of the individual class member payments per loan is $5,940.33. The Settlement removes the risk of non-recovery (or a lesser recovery) to the Settlement Class members on their claims for actual and punitive damages, eliminates the expense of trial for the Settlement Class

1075956.7

members, and allows for the immediate recovery of funds by the Settlement Class members in this class action.

For these reasons, and those set forth below, the Court should preliminarily approve the Settlement and enter the proposed Order Preliminarily Approving the Class Action Settlement ("Preliminary Approval Order," Exhibit D to the Settlement Agreement, which is attached hereto as **Exhibit 1).**

## I. APPLICABLE LEGAL STANDARDS

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation. *See Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990) ("The law strongly favors settlements. Courts should hospitably receive them. . . . As a practical matter, a remedy that everyone agrees to is a lot more likely to succeed than one to which the defendants must be dragged kicking and screaming."); *In re Charter Commc'ns Sec. Litig.*, No. 4:02-CV-1186, 2005 WL 4045741, at *4 (E.D. Mo. June 30, 2005) (quoting *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 313 (7th Cir.1980)) ("In the class action context in particular, there is an overriding public interest in favor of settlement. Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.") (internal citation and quotation marks omitted).

A class action settlement like the one proposed here must be approved by the Court to be effective. *See* Fed. R. Civ. P. 23(e). Approval of a proposed class action settlement is a matter within the discretion of the Court. *See, e.g., Grunin v. Int'l House of Pancakes*, 513 F.2d 114 (8th Cir. 1975).

As noted by the Eighth Circuit:

> Such a determination is committed to the sound discretion of the trial judge. Great weight is accorded his views because he is exposed to the litigants, and their strategies, positions and proofs. He is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly.
>
> Only upon a clear showing that the district court abused its discretion will this court intervene to set aside a judicially approved class action settlement.

*Grunin*, 513 F.2d at 123 (internal citations omitted).

Review of a proposed class action settlement generally occurs in two steps:

**Step 1**: The Court makes a "preliminary" ruling as to whether the settlement is presumptively "fair, adequate and reasonable" such that it is appropriate to send a notice of the settlement to the class, and also to schedule a final hearing on the approval of the settlement. *See, e.g.,* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2004) (hereafter "MANUAL"), at § 21.632 (4th ed. 2004); *Roberts v. The Source for Public Data LP*, 2010 WL 2195523, at *1 (W.D. Mo. May 28, 2010); *In re M.L. Stern Overtime Litig.*, 2009 WL 995864, at *3 (S.D. Cal., April 14, 2009). If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, and it appears to fall within the range of possible approval, the Court should direct the dissemination of class notice under Rule 23(e) and schedule a final approval hearing, at which the Court decides whether the settlement should be approved as fair, adequate, and reasonable to the class. *See* MANUAL, at § 21.633-34.

**Step 2**: After the notice has been disseminated, and all Settlement Class members have been given an opportunity to opt out or voice objections, the Court conducts a final hearing on the fairness of the settlement, and decides whether to grant final approval of the settlement. *See, e.g.,* MANUAL, at §§ 21.632 and 21.635.

The requirements for the preliminary approval of this class action Settlement are addressed below. As the Court will see, the proposed Settlement Class and Settlement satisfy the requirements.

## II. CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES

As noted above, to preliminarily approve a class action settlement, the Court must first determine whether it should certify the proposed settlement class. The use of a settlement class agreed to by the parties is considered beneficial in the law because it promotes the resolution of a class action lawsuit. *See Amchem Prods. v. Windsor*, 521 U.S. 591 (1997). Here, the parties request certification of the following Settlement Class:

> All persons who obtained a "Second Mortgage Loan," as defined in Mo. Rev. Stat. § 408.231.1, with an interest rate greater than 10%, that was secured by a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by SouthStar Funding, LLC, at any time, and was thereafter purchased by, assigned to, and/or serviced by Wells Fargo, and who did not timely exercise their right and option to exclude themselves from the Settlement Class.

Agreement, at ¶ 2.20 ("Settlement Class").

### A. The Proposed Settlement Class Meets the Requirements of Rule 23(a).

Before granting preliminary approval of the Settlement, the Court should determine that the proposed Settlement Class meets the requirements of Rule 23. *See Amchem*, 521 U.S. at 620; MANUAL § 21.632. Plaintiff, with Wells Fargo's consent, requests that the case be certified for settlement purposes only. The prerequisites for certifying a class are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, each of which is satisfied here. *See* Fed. R. Civ. P. 23(a).

1. <u>Numerosity</u>: The parties' proposed Settlement Class includes the borrowers and co-borrowers for 838 loans and is so numerous that joinder of all members is impracticable. While there is no numerical requirement to satisfy numerosity, the proposed

4

1075956.7

Case 4:11-cv-00491-JTM   Document 30   Filed 06/25/12   Page 4 of 20

class readily meets the standard that it be "'so numerous that joinder of all members is impracticable.'" *See In re Aquila ERISA Litig.*, 237 F.R.D. 202, 207 (quoting Fed. R. Civ. P. 23(a)(1)); *Jones v. Novastar Fin., Inc.*, 257 F.R.D. 181, 186 (W.D. Mo. 2009) ("The proposed class numbers over one thousand persons. [Plaintiff] has satisfied Rule 23(a)(1)."); ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS (4th ed. 2002) (hereinafter, "NEWBERG ON CLASS ACTIONS"), at § 3.05 (joinder is impracticable where the class is composed of more than 40 persons).

2. <u>Commonality</u>: There are questions of law and fact common to the proposed Settlement Class, thereby satisfying the requirements of Rule 23(a), which requires a showing of the existence of questions of law or fact common to the class. *See* Fed. R. Civ. P. 23(a)(2) & (3); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (explaining that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and that claims arising from that injury depend on a "common contention . . . of such a nature that it is capable of class-wide resolution."); *see also Winkler v. DTE, Inc.*, 205 F.R.D. 235, 240 (D. Ariz. 2001) ("[t]he standard for commonality is minimal because 'all that is required is a common issue of law or fact'"). The questions of law and fact common to the Settlement Class, include, *inter alia*:

   a. Whether SouthStar violated Mo. Rev. Stat. §§ 408.231 *et seq.* by charging the Plaintiff and the members of the Settlement Class the fees and charges described in Plaintiff's Complaint; and

   b. Whether Wells Fargo and the Doe Defendants are barred under the provisions of Mo. Rev. Stat. § 408.236 from recovery of any interest on the second mortgage loans at issue, and whether they are liable to return all the allegedly wrongful fees and the past interest that was allegedly illegally received.

*See* Complaint, at ¶ 38.

3. <u>Typicality</u>: The claims of Plaintiff are brought pursuant to the Missouri Second Mortgage Loan Act ("MSMLA"), Mo. Rev. Stat. §§ 408.231, *et seq.*, arise from the same conduct and course of conduct as the Settlement Class members' claims, and are typical of the claims of the Settlement Class that Plaintiff seeks to certify. *See Bradford v. AGCO Corp.*, 187 F.R.D. 600, 605 (W.D. Mo. 1999); *In re Aquila ERISA Litig.*, 237 F.R.D. 202, 209 (W.D. Mo. 2007) (23(a)(3) "simply requires a demonstration that there are other members of the class who have the same or similar grievances as the class representative. The burden of demonstrating that Rule 23(a)(3) is met is fairly easy so long as other class members have claims similar to the named plaintiff.") (internal quotation marks, citations and alterations omitted).

4. <u>Adequacy</u>: The final requirement of Rule 23(a), that "the representative parties will fairly and adequately protect the interests of the class," is also satisfied. *See* Fed. R. Civ. P. 23(a)(4). There are no apparent conflicts of interest between Plaintiff and the Settlement Class, or among the members of the Settlement Class itself. Plaintiff and Plaintiff's Counsel will fairly and adequately protect the interests of the proposed Settlement Class. Plaintiff has vigorously prosecuted the interests of the class through competent counsel with significant experience in litigating class actions. *See Jones,* 257 F.R.D. at 191 (placing the focus of the adequacy inquiry on the existence of common interests between the class representative and class members and the vigorous prosecution of those interests through qualified counsel). Further, as demonstrated by the efforts of Plaintiff's Counsel to date, they have vigorously protected the interests of Plaintiff and the Settlement Class members, and will continue to do so. Additionally, this Court (as well as numerous other state and federal courts) has previously held in other class action litigation that Ralph K. Phalen and Mitchell L. Burgess are adequate class counsel.[1]

---

[1] Plaintiff's counsel will refrain from listing all of Plaintiff's Counsel's qualifications to be class counsel in this case, but the Court can take judicial notice that this Court, in *Rizzo v. Hendrick Automotive* appointed Mitchell Burgess

6

1075956.7

## B. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3).

To be certified, the proposed class must also meet the requirements of Rule 23(b)(1), (2) or (3). Here, the proposed class satisfies Rule 23(b)(3) because common questions of law or fact predominate over any questions affecting only individual class members and class resolution is superior to other available methods for fair and efficient adjudication of the dispute. *See* Fed. R. Civ. P. 23(b)(3). Plaintiff and the Settlement Class members' claims seek to remedy common legal grievances, and certification of the Settlement Class for purposes of settlement promises important advantages of economy of effort and uniformity of result without undue dilution of procedural safeguards for the Settlement Class members or Wells Fargo. *See Blades v. Monsanto Co.,* 400 F.3d 562, 566 (8th Cir. 2005) (quoting *Amchem*, 521 U.S. at 623) ("The requirement of Rule 23(b)(3) that common questions predominate over individual questions 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'"); *Carpe v. Aquila, Inc.,* 224 F.R.D. 454, 458 (W.D. Mo. 2004) (The "fundamental question is whether the group aspiring to class status is seeking to remedy a common legal grievance.").

For these reasons, the Settlement Class defined above should be formally certified for settlement purposes only. Further, Plaintiff Jeanne Dycus should be appointed as the

---

and Ralph Phalen to be co-lead Class Counsel in a case involving thousands of Missouri residents that ultimately settled (following this Court's grant of summary judgment for Plaintiffs) for 8.8 million dollars. Similarly, Mitchell Burgess and Ralph Phalen were approved by Federal Judge Nanette Laughrey to be lead Class Counsel in *Doran v. Missouri Dept. of Social Servs.*, Case No. 07-4158-CV-C-NKL (a complex class litigation case against the State of Missouri which ultimately settled and provided statewide injunctive relief and monetary refunds to thousands of Missouri citizens). In a nationwide class action which was approved three years ago by a Federal Judge in the Federal District Court for the Middle District of Florida, Mr. Burgess served on the Plaintiffs' Management Committee and Mr. Phalen was Co-Lead Class Counsel in a nationwide multi-million dollar identity theft case which benefited millions of citizens across the country. (*Lockwood v. Certegy Check Servs., Inc*., 8:07-cv-1434-T-23TGW). More recently, in 2011, Mr. Burgess and Mr. Phalen were again appointed by Federal Judge Nanette Laughrey as co class-counsel to represent all Missouri drivers in a class action filed involving violations of the Federal Drivers' Privacy Protection Act, *Wiles v. ATT*, Case. No. 2:09-CV04236-NKL (which ultimately settled).

7

1075956.7

Representative of the Settlement Class, and Mitchell L. Burgess and Ralph K. Phalen should be appointed as Counsel for the Settlement Class.

## III. THE SETTLEMENT IS PRESUMPTIVELY FAIR, ADEQUATE AND REASONABLE

The Court's next obligation is to review the Agreement (and Addendum) to determine whether the Settlement appears, upon a preliminary review, to be presumptively fair, adequate, and reasonable for the proposed Settlement Class.

### A. The Claims of the Settlement Class

This lawsuit was filed on March 23, 2011. Plaintiff filed the lawsuit on her own behalf, and on behalf of a proposed class of other borrowers who also obtained junior or "second" mortgage loans secured by Missouri residential real estate from SouthStar Funding, LLC ("SouthStar"). Plaintiff alleges that SouthStar violated the MSMLA by directly or indirectly charging, contracting for, and/or receiving a number of different settlement charges or loan fees in connection with its Missouri second mortgage loans.[2] Plaintiff also alleges that SouthStar sold and assigned its Missouri second mortgage loans after making them, and that the entities that purchased and/or serviced the loans also violated the MSMLA by "directly or indirectly" charging, contracting for, and/or receiving the illegal settlement charges and loan fees, as well as interest, on the loans. *See* Mo. Rev. Stat. §§ 408.233.1 and 408.236. Plaintiff also alleges that the entities that purchased and/or serviced the Missouri loans, including Wells Fargo and Defendants Doe 1-25 ("Doe Defendants"), are derivatively liable as the assignees and holders of the second mortgage loans for SouthStar's violations of Missouri law. *See generally* Complaint, at ¶¶ 1, 6, 7, 10, 17, and 45.

---

[2] Plaintiff's action originally named SouthStar, the originator of the Settlement Class loans, as a defendant but Plaintiff has since voluntarily dismissed SouthStar from the action.

### B. The Proposed Settlement

The Settlement provides substantial benefits to each of the Settlement Class members.

#### 1. The Settlement Consideration

The Settlement provides the following specific benefits:

Payment of $6,778,000.00, to be apportioned as follows:

- a. $4,430,291.38, as payment for fees charged and the interest paid on the loans, allegedly in violation of Mo. Rev. Stat. § 408.233.1; and

- b. An estimated $542,708.62, to be paid to those Settlement Class members whose loans were in active repayment and who were current on all payments as of December 31, 2011, representing future interest; and

- c. Payment of an incentive award to Plaintiff in an amount not to exceed $5,000.00; and

- d. Payment of attorney's fees and costs in an amount not to exceed $1,800,000.00.

Agreement, at ¶¶ 2.11, 2.12, 2.25, and 4, Addendum at ¶ 5.

The anticipated average amount of the individual class member's payments per loan is $5,940.33.

#### 2. Attorney's Fees

Also, as noted above, the Settlement provides for payment of an award of attorney's fees. Agreement, at ¶ 5. Plaintiff's Counsel will apply for an award of attorney's fees and costs in their Application for Award of Attorney's Fees to be filed in conjunction with final approval of the Settlement.

#### 3. Incentive Award

The Settlement also provides for an incentive award to be paid to Plaintiff in an amount not to exceed $5,000.00. Agreement, ¶ 5.

#### 4. Release of Claims

The Settlement Class members will be required to release all of the Second Mortgage loan-related claims they have or could have against Wells Fargo, individually and together with its parent, subsidiary, and affiliated entities, and each of their past and present officers, directors, agents, members, shareholders, employees, attorneys (including any consultants hired by counsel), accountants, insurers, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns, together with the following: (a) any person, association or entity that serviced and/or master serviced any loan(s) of any Settlement Class member(s) related to The Litigation; and (b) any person, association or entity to whom any of the Settlement Class members' loans were sold, assigned, transferred, and/or conveyed prior to or following the sale, assignment, transference, or conveyance to Wells Fargo; and (c) any person, association or entity who served as trustee for any person, association, or entity to whom any of the Settlement Class members' loans were sold, assigned or otherwise transferred or conveyed. *See* Agreement, at ¶¶ 2.17, 2.18, 2.19, and 6.

### C. The Settlement is Fair, Adequate and Reasonable

#### 1. The Settlement Resolves This Complex Litigation by Providing Substantial Compensation to the Settlement Class Members.

Plaintiff believes the Settlement provides the Settlement Class members with a very substantial recovery. This recovery is comparable to the same type of relief that Plaintiff would have sought at trial, and in any subsequent appellate proceedings. *See Vigil v. Finesod*, 779 F. Supp. 522, 526 (D. N.M. 1990) ("If the proposed settlement is not approved, the result will be a much more complicated and expensive course of litigation and there is no assurance that the final result will in any way be superior. The time and expense for additional litigation is not warranted under the circumstances."). The consideration to be paid by Wells Fargo,

10

1075956.7

Case 4:11-cv-00491-JTM   Document 30   Filed 06/25/12   Page 10 of 20

when balanced against the delay, cost, expense, and remaining risk should the case go to trial and be appealed also demonstrates that the Settlement is fair, reasonable, and adequate.

### 2. The Settlement is the Product of Arm's-Length Negotiations by Informed Counsel.

Courts often find a presumption of fairness when a settlement is negotiated at arm's length by well-informed counsel. *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1982); *In re Sumitomo Copper Litig*., 189 F.R.D. 274, 280 (S.D.N.Y. 1999); NEWBERG ON CLASS ACTIONS, at §§ 11:41, 11.51. Here, the Agreement and Addendum before the Court are the product of months of intensive, arm's-length negotiations that took place in face-to-face meetings, by telephone, and by email. The initial terms of the Settlement were reached after a day long mediation. The substantial benefits conferred upon the Settlement Class by the proposed Settlement evidence the arm's-length nature of the Settlement and the absence of any fraud or collusion behind the Settlement.

### 3. The Award of Attorney's Fees is Appropriate.

As the United States Supreme Court has long recognized, where counsel secures a "common fund" for the benefit of a class, counsel is entitled to be compensated from the funds recovered. *See Trustees v. Greenough*, 105 U.S. 527 (1882); *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980). The "common fund" doctrine is based on the perception that those who benefit from the prosecution of a lawsuit will be unjustly enriched if they do not share the costs in direct proportion to the benefit each receives. *See Boeing*, 444 U.S. at 478; NEWBERG ON CLASS ACTIONS, at § 13:76 ("It is an equitable doctrine based on the rationale that successful litigants would be unjustly enriched if their attorneys were not compensated from the fund created for the litigants.").

The Settlement Fund in this Settlement is defined as the total amount to be paid by Wells Fargo. Agreement, at ¶ 2.25. The "Net Settlement Fund" means the "Settlement Fund" less: (a) the amount of any incentive award approved by the Court and paid to Plaintiff; and (b) any interest earned and attributable to this award. Agreement, at ¶ 2.12.

Plaintiff Dycus and/or Plaintiff's Counsel will petition the Court to make an award of attorney's fees not to exceed $1,800,000.00. The amount of any such fee award approved by the Court will be deducted from the Net Settlement Fund to determine the Net Distributable Settlement Fund and the individual Settlement Class member payments. This request is approximately 27% of the Settlement Fund and is reasonable in this matter.

Plaintiff suggests that the amount of this award is entirely fair and reasonable and entitled to a presumption of fairness at this time. For each of these reasons, the Settlement clearly merits preliminary approval.

## IV. THE NOTICE PLAN AND NOTICE OF THE CLASS ACTION SETTLEMENT

Plaintiff also requests the Court to approve of the Notice of Proposed Class Action Settlement and Settlement Hearing ("Class Mail Notice"), attached as **Exhibit A** to the Agreement, as part of the Preliminary Approval Order. *See* Agreement, at ¶ 8.

### A. The Proposed Class Notice Provides for the Best Notice Practicable Under the Circumstances.

Under Rule 23(e) of the Federal Rules of Civil Procedure, the Court must direct notice in a reasonable manner to class members who would be bound by the proposed class settlement. "There is no one 'right way' to provide notice as contemplated under Rule 23(e)." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, No. MDL 1559 4:03-MD-015, 2004 WL 3671053, at **8-9 (W.D. Mo. 2004). "Notice of a settlement proposal need only be as directed by the district court and reasonable enough to satisfy due process." *DeBoer v. Mellon*

12

*Mortgage Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995). It should be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Petrovic*, 200 F.3d at 1153 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

### 1. Wells Fargo and the Claims Administrator Will Provide Individual Direct Mailed Notice to Each Settlement Class Member.

Here, the parties propose that the Class Mail Notice will be sent by direct mail to the last known address of every class member. *See* Fed. R. Civ. P. 23(c)(2) (the best notice practicable under the circumstances should include individual notice to all members who can be identified through reasonable effort).

### 2. The Proposed Class Mail Notice Adequately Informs Class Members of the Litigation and Their Rights in Connection with the Settlement.

The notice provided to class members should "clearly and concisely state in plain, easily understood language" the nature of the action; the class definition; the class claims, issues, or defenses; that the class member may appear through counsel; that the Court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members. Fed. R. Civ. P. 23(c)(2)(B).

The form of notice proposed by the parties complies with these requirements. The Class Mail Notice fairly apprises the Settlement Class members of the terms of the Settlement. The Class Mail Notice includes the class definition and other identifying information, a fair summary of the parties' respective litigation positions, the general terms of the Settlement as set forth in the Agreement and Addendum, instructions for objecting to or opting out of the Settlement, and the date, time, and place of the Final Approval Hearing. The Class Mail Notice also informs each Settlement Class member that they can review settlement documents at

13

1075956.7

Case 4:11-cv-00491-JTM   Document 30   Filed 06/25/12   Page 13 of 20

a dedicated website and that they can even learn of their anticipated individual recovery through the website. All elements set forth under Rule 23(c) are contained in the Notice.

### B. Notice of the Settlement will be provided to the Appropriate Official.

Notice of the proposed Settlement will also be provided to the Office of the Comptroller of the Currency, as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b) and (c). Wells Fargo and the Claims Administrator will provide this notice with copies of all required materials – including the Agreement and Addendum, Class Mail Notice, and Complaint – so the Office of the Comptroller of the Currency may make an independent evaluation of the Settlement and bring any concerns to the Court's attention prior to final approval. Pursuant to 28 U.S.C. § 1715 (d), final approval of the Settlement shall not be issued earlier than 90 days after the date on which the Office of the Comptroller of the Currency is served with the notice required under 28 U.S.C. § 1715 (b).

## V. CLASS MEMBER RIGHTS

The Settlement Class members' rights as set forth in the Agreement and Addendum are summarized in the following narrative and set forth in the Class Mail Notice.

### A. Opt-Out Rights

Each Settlement Class member can elect not to be a part of the Settlement Class and not to be bound by the Agreement, if, within thirty (30) days of the mailing of the Class Mail Notice, the Settlement Class member completes an individual, written, and signed notice of intention to opt out or request for exclusion. *See* Agreement, at ¶ 9.

Further, the Agreement does not require the notice of intent to opt out or "exclusion request" to be in a particular format. However, the notice of intent to opt out or exclusion request must contain: (a) the Settlement Class member's name address, telephone number and the last four digits of the member's social security number; (b) a statement that the Settlement

14

1075956.7

Case 4:11-cv-00491-JTM   Document 30   Filed 06/25/12   Page 14 of 20

Class member and all other borrowers named on the promissory note are seeking exclusion from the Settlement; (c) the Settlement Class member's signature and the signature of any other borrower(s) named on the promissory note for the member's loan; and (d) a reference to "Dycus v. Wells Fargo Bank, N.A., Case No. 11-cv-0491-JTM." The request for exclusion must be signed personally by each Settlement Class member who seeks to be excluded from the Settlement, or the personal representative of any Settlement Class member who is deceased or legally incompetent. No request for exclusion may be made on behalf of a group of Settlement Class members. Nor may a Settlement Class member opt out or exclude himself or herself by having a request to opt out submitted by an actual or purported agent or attorney acting on behalf of the Settlement Class member. Plaintiff believes that these requirements are necessary to ensure the integrity and validity of any opt-out decision and the effectiveness of that decision as to all borrowers with respect to a single loan.

The opt-out procedure is described in detail in the Class Mail Notice. Any Settlement Class member who does not submit a timely notice of intention to opt out or exclusion request, and/or who otherwise fails to comply with all requirements for opting out, shall be bound by the Agreement entered as part of the final judgment in this action.

### B. Objection Rights and Procedure

Any member of the Settlement Class who wishes to object to the Settlement or to the incentive award or the award of attorney's fees must file a written notice of objection, including supporting papers as described further below (hereinafter collectively referred to as the "Notice of Objection"), with the Court on or prior to the date established by the Court in the Preliminary Approval Order. For purposes of determining timeliness, a Notice of Objection shall be deemed to have been submitted when received and filed by the Clerk of Court. Copies of the Notice of Objection must also be mailed to Plaintiff's Counsel and Counsel for Wells Fargo on or prior to

15
1075956.7

Case 4:11-cv-00491-JTM   Document 30   Filed 06/25/12   Page 15 of 20

the date established by the Court in the Preliminary Approval Order. The Notice of Objection must be in writing, and shall specifically include:

(i) The name, address, and telephone number of the Settlement Class member filing the objection;

(ii) A statement of each objection asserted;

(iii) A detailed description of the facts underlying each objection;

(iv) Any loan documents in the possession or control of the objector and relied upon by the objector as a basis for the objection;

(v) If the objector is represented by counsel, a detailed description of the legal authorities supporting each objection;

(vi) If the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts;

(vii) If the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present;

(viii) A statement of whether the objector intends to appear at the hearing;

(ix) A copy of any exhibits which the objector may offer during the hearing; and

(x) A reference to "Dycus v. Wells Fargo Bank, N.A., Case No. 11-cv-0491-JTM."

Attendance at the Final Approval Hearing is not necessary. Any member of the Settlement Class who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement or any other provision of the Agreement or Addendum.

The objection procedure is described in detail in the Class Mail Notice. The procedure adequately protects the rights of the Settlement Class members to voice an objection to the

16

1075956.7

Settlement and to bring it to the attention of the Court for consideration. The procedure is in accord with due process and longstanding merits approval protocol.

### C. Appearance at the Final Approval Hearing

Any Settlement Class member who wishes to appear at the Final Approval Hearing must file a notice of appearance in the Litigation and serve the notice of appearance, along with any objection upon Plaintiff's Counsel and Counsel for Wells Fargo. Settlement Class members shall only be permitted to appear at the Final Approval Hearing and to argue those matters set forth in a written objection filed in accordance with the Agreement and the Preliminary Approval Order. As proposed, no Settlement Class member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class member could have raised in an objection, but failed to do so, and all other objections to the Settlement are deemed waived if not set forth in a written objection.

The right of a Settlement Class member to appear through counsel is also is described in detail in the Class Mail Notice. This procedure affords Settlement Class members the right to appear and present argument at the Final Approval Hearing. It affords due process to the Settlement Class members and should be approved as set forth in the Agreement and the proposed Preliminary Approval Order.

### D. Procedure for Intervention

Any Settlement Class member who has not filed a timely written request for exclusion may also seek to intervene in the Litigation. All requests to intervene must be in compliance with the Federal Rules of Civil Procedure and applicable law. No person shall be permitted to intervene unless such person (i) has filed with the Clerk of the Court a request or motion seeking to intervene in the Litigation, together with appropriate suggestions in support of the request or

motion to intervene and any supporting documentation, (ii) has served copies of such notice, statement, and documentation together with copies of any other papers or briefs that such person files with the Court, upon Plaintiff's Counsel, and Wells Fargo's Counsel, and (iii) otherwise complies with the Agreement and Class Mail Notice for purposes of such hearing. All requests or motions to intervene shall be filed in Court within the time frame established by the Preliminary Approval Order.

The possibility of intervention and the procedure for doing so is described in detail in the Class Mail Notice. The procedure complies with Federal Rules of Civil Procedure and permits, if properly and timely done, the Court to consider any request for intervention. The procedure provides sufficient opportunity and protection to the Settlement Class members to present a request for intervention to the Court for decision.

## VI. CONCLUSION

For the foregoing reasons, the Settlement Class defined above should be formally certified for settlement purposes only. Further, Plaintiff Jeanne Dycus should be appointed as the representative of the Settlement Class, and Mitchell L. Burgess and Ralph K. Phalen should be appointed as counsel for the Settlement Class.

Further, Plaintiff Dycus requests, for the reasons set forth above, that the Court grant preliminary approval of the Settlement with Wells Fargo as fair, adequate, and reasonable and enter its Preliminary Approval Order, substantially in the form attached as **Exhibit D** to the Agreement.

18

1075956.7

Case 4:11-cv-00491-JTM   Document 30   Filed 06/25/12   Page 18 of 20

Respectfully submitted:

*/s/Mitchell L. Burgess*
**BURGESS & LAMB, P.C.**
Mitchell L. Burgess, MO#47524
Keith C. Lamb, MO#56761
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 471-1700
(816) 471-1701 FAX

**RALPH PHALEN ATTY. AT LAW**
Ralph K. Phalen, MO#36687
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 589-0753
(816) 471-1701 FAX

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I certify that on this 25th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to following:

W. Perry Brandt     MO #28292
Catesby A. Major    MO #56944
Sara K. Butler      MO #62285
Bryan Cave, LLP
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105-2100
(816) 374-3200
(816) 374-3300 FAX

and

Eric D. Martin      MO #47558
Bryan Cave, LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
(314) 259-2000
(314) 259-2020 FAX

ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A., d.b.a.
WELLS FARGO HOME MORTGAGE

*/s/Mitchell L. Burgess*
**ATTORNEYS FOR PLAINTIFF**

20

1075956.7

Case 4:11-cv-00491-JTM   Document 30   Filed 06/25/12   Page 20 of 20