UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEANNE DYCUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-00491-CV-W-JTM |
| | ) |
| WELLS FARGO BANK N.A. d/b/a | ) |
| WELLS FARGO HOME MORTGAGE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT**

WHEREAS, Jeanne Dycus (the "Named Plaintiff") commenced the above-captioned civil action (the "Litigation") against Wells Fargo Bank, N.A. ("Wells Fargo"), SouthStar Funding, LLC ("SouthStar"), and Defendants Doe 1-25 (the "Doe Defendants"), as the owner(s), assignee(s) (holder(s), trust(s), fund(s), and/or pool(s) and the trustees thereof of the "Settlement Class Loans," as herein defined; and

WHEREAS, the Named Plaintiff has since voluntarily dismissed SouthStar from the action; and

WHEREAS, the Named Plaintiff is asserting claims against Wells Fargo and the Doe Defendants in the Litigation based on certain loan fees and interest payments that the Named Plaintiff alleges Wells Fargo and the Doe Defendants directly or indirectly charged, contracted for or received in connection with certain loans in violation of the Missouri Second Mortgage Loans Act ("MSMLA"), Mo. Rev. Stat. §§ 408.231-408.241 (the "Claims"); and

WHEREAS, the Named Plaintiff is asserting the Claims in the Litigation for herself and for a class of consumer borrowers who obtained a "Second Mortgage Loan," as defined in Mo. Rev. Stat. § 408.231.1, with an interest rate greater than 10%, that was secured by a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by SouthStar

Funding, LLC, at any time, and was thereafter purchased by, assigned to, and/or serviced by Wells Fargo; and

WHEREAS, the Named Plaintiff and Wells Fargo have entered into a "Settlement and Release Agreement" dated May 15, 2012 (the "Agreement") and an "Addendum to Settlement and Release Agreement" dated June 22, 2012 (the "Addendum"), which together memorialize a negotiated and agreed-upon settlement of the Litigation, subject to the approval of the Court ("the Settlement"); and

WHEREAS, the Named Plaintiff has filed a Motion for Preliminary Approval of Class Action Settlement with the Court.

NOW THEREFORE, upon careful consideration of the Plaintiff's Motion for Preliminary Approval of Class Action Settlement, and after reviewing the Agreement and Addendum, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The terms of the Agreement and Addendum, and the Settlement as memorialized therein, including attorney's fees and class representative incentive award, are approved preliminarily as fair, reasonable and adequate to the Settlement Class as defined in the Agreement, subject to further consideration at the Final Approval Hearing described in Paragraph 16 below.

2. The definitions set forth in the Agreement are hereby incorporated by reference into this Order (with capitalized terms as set forth in the Agreement).

3. The Named Plaintiff and Wells Fargo and/or their counsel have executed the Agreement and Addendum in order to settle and fully resolve the Litigation, subject to approval of the Court.

4. Accordingly, for the purpose of settlement only, in accordance with the Agreement, and upon review of the Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the Court hereby preliminarily certifies the following class of persons as a settlement class (i.e., the "Settlement Class"):

> All persons who obtained a "Second Mortgage Loan," as defined in Mo. Rev. Stat. § 408.231.1, with an interest rate greater than 10%, that was secured by

a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by SouthStar Funding, LLC, at any time, and was thereafter purchased by, assigned to, and/or serviced by Wells Fargo, and who did not timely exercise their right and option to exclude themselves from the Settlement Class.

5. Pursuant to the Agreement, and for purposes of the Settlement only, the Court finds preliminarily as to the Settlement Class that:

a. The Settlement Class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Settlement Class that predominate over questions affecting only individual members of the Settlement Class;

c. The claims of the Named Plaintiff are typical of those of the members of the Settlement Class;

d. The Named Plaintiff and Plaintiff's Counsel will fairly and adequately represent and protect the interests of the individual members of the Settlement Class; and

e. Certification of the Settlement Class as proposed is an appropriate method for the fair and efficient adjudication of the Litigation.

6. For the purpose of this preliminary approval, and for all matters relating to the Settlement and the Litigation, until further order of the Court, the Court appoints the Named Plaintiff as Representative of the Settlement Class, and Mitchell L. Burgess, Burgess & Lamb, P.C., and Ralph K. Phalen, Ralph Phalen Attorney at Law, as Counsel for the Settlement Class ("Plaintiff's Counsel" or "Class Counsel").

7. By this Order, the Court hereby exercises subject matter and personal jurisdiction over the Settlement Class for purposes of evaluating the final certification of the Settlement Class and the fairness and adequacy of the Settlement.

8. The Class Mail Notice, as set forth in Exhibit A to the Agreement, is hereby approved.

9.	If it has not already done so, Wells Fargo shall issue notice of the proposed settlement to the Office of the Comptroller of the Currency, as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b) and (c).

10.	The Court appoints Rust Consulting as the claims administrator ("Claims Administrator") to fulfill those duties as outlined in the Agreement.

11.	The Claims Administrator, under supervision of Wells Fargo, shall mail the Class Mail Notice in a form substantially the same as that set forth in Exhibit A to the Agreement by first-class mail, postage prepaid, to all members of the Settlement Class and any known Chapter 7 or Chapter 13 bankruptcy trustees of any member of the Settlement Class for any Chapter 7 or Chapter 13 bankruptcy filed after origination of the Settlement Class Member's loan. Such mailing shall be made within twenty-one (21) days of the entry of this Preliminary Approval Order.

12.	The Agreement contemplates a method of notice that (a) protects the interests of the Named Plaintiff, the Settlement Class, and Wells Fargo, and each of them, (b) is the best notice practicable under the circumstances, and (c) is reasonably calculated to apprise the Settlement Class of the pendency of the Litigation and proposed Settlement, the Agreement and Addendum, and the right to opt out and exclude themselves from or object to the proposed Settlement. In addition, the Court finds that the proposed method of notice is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement and meets all applicable requirements of law, including, but not limited to Federal Rule of Civil Procedure 23(e) and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

13.	Prior to the Final Approval Hearing, Wells Fargo shall file with the Court a sworn statement of a person with knowledge, evidencing compliance with the provisions of this Order concerning the mailing of the Class Mail Notice.

14.	Prior to the Final Approval Hearing, Wells Fargo shall also file with the Court a sworn statement of a person with knowledge, evidencing that the Claims Administrator updated the addresses of the members of the Settlement Class by use of the United States Postal Service's National Change of Address database or another address database service (e.g., Accurint, Intelius);

the Claims Administrator re-mailed any returned notices to any new address disclosed; and, to the extent any notice was returned a second time, the Claims Administrator undertook reasonable efforts to locate current addresses for member(s) of the Settlement Class.

15. Any member of the Settlement Class desiring exclusion from the Settlement Class shall mail a request for exclusion ("Request for Exclusion") to the Parties' respective counsel. To be valid, the Request for Exclusion must be **received** within 30 days of notice as provided for in the Settlement Agreement. Such Request for Exclusion must be in writing and include: (a) the name, address, telephone number and the last four digits of the social security number of the class member seeking to opt out; (b) a statement that the class member and all other borrowers named on the class member's promissory note are seeking exclusion; (c) the signature of each person who was a party to the promissory note made in connection with the class member's loan, unless such person is deceased or legally incompetent, in which event the opt-out submission shall be signed by said deceased or legally incompetent person's personal representative or guardian; and (d) a reference to "Dycus v. Wells Fargo Bank, N.A., Case No. 11-cv-0491-JTM." Any member of the Settlement Class who does not timely and properly request to be excluded from the Settlement Class in full compliance with these requirements shall be included in the Settlement Class and shall be bound by any judgment entered in this action with respect to said Class. Class Counsel and Wells Fargo's Counsel shall promptly furnish each other with copies of any and all Requests for Exclusion that come into their possession.

16. Within a reasonable period after the deadline for submitting Requests for Exclusion, but before the Final Approval Hearing, Class Counsel shall file with the Court a sworn statement identifying those persons who submitted timely Requests for Exclusion. The originals of all Requests for Exclusion shall be retained by the Parties.

17. A hearing (the "Final Approval Hearing") shall be held before the undersigned at **10:00 a.m. on October 10, 2012**, in Courtroom 7E at the Charles Evans Whittaker Courthouse, 400 East 9th Street, Kansas City, Missouri 64106. At the Final Approval Hearing, the Court will consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the entry of any final

order or judgment in the Litigation; (c) the application for incentive awards for the services rendered by Named Plaintiff Jeanne Dycus; (d) the application for attorney's fees by Class Counsel; and (e) other related matters. The Final Approval Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Settlement Class.

**18.** **To be considered at the Final Approval Hearing, any person who does not timely exclude themselves from the Settlement Class and who desires to file an objection to or otherwise comment on the Settlement shall file any such objections or comments and all supporting pleadings with the Court within 30 days of notice as provided for in the Settlement Agreement, with service upon Class Counsel and Counsel for Wells Fargo as provided in the Federal Rules of Civil Procedure. In his/her objection, an objecting Settlement Class Member must set forth, contain or provide: (i) his/her full name, current address, and telephone number; (ii) a statement of each objection asserted; (iii) a detailed description of the facts underlying each objection; (iv) any loan documents in the possession or control of the objector and relied upon by the objector as a basis for the objection; (v) if the objector is represented by counsel, a detailed description of the legal authorities supporting each objection; (vi) if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (vii) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (viii) a statement of whether the objector intends to appear at the hearing; (ix) a copy of any exhibits which the objector may offer during the hearing; and (x) a reference to "Dycus v. Wells Fargo Bank, N.A., Case No. 11-cv-0491-JTM." No Objection to or other comment concerning the Settlement shall be heard unless timely filed and served in accordance with the guidelines as stated herein and in the Agreement. Class Counsel and Counsel for Wells Fargo shall promptly furnish each other with copies of any and all written objections to the Settlement that come into their possession.**

19. Any attorney hired by a Settlement Class Member at the Class Member's expense for the purpose of making an objection shall file his or her Entry of Appearance within 30 days of notice as provided for in the Settlement Agreement. The Entry of Appearance shall be filed with the Clerk of the Court, with a copy served upon Class Counsel and Counsel for Wells Fargo in accordance with the Federal Rules of Civil Procedure.

20. Any Settlement Class Member who does not make his or her objection in the manner provided in this Order shall be deemed to have waived any such objection and shall be forever barred from making any objection to the Settlement, including but not limited to, the propriety of class certification, the adequacy of any notice, or the fairness, adequacy or reasonableness of the Settlement.

21. Any Settlement Class Member may appear at the Final Approval Hearing in person, or by counsel if an appearance is filed and served as provided in the Class Mail Notice, and such person will be heard to the extent allowed by the Court. No person shall be permitted to be heard unless, within 30 days of notice as provided for in the Settlement Agreement, such person has (a) filed with the Clerk of the Court a notice of such person's intention to appear; and (b) served copies of such notice upon Class Counsel and Counsel for Wells Fargo in accordance with the Federal Rules of Civil Procedure.

22. Any Settlement Class Member may intervene in the Litigation in person, or by counsel if a motion to intervene is filed and served as provided in the Notice. No person shall be permitted to intervene unless, within 30 days of notice as provided for in the Settlement Agreement, such person has (a) filed with the Clerk of the Court a valid motion to intervene and (b) served copies of such notice upon Class Counsel and Counsel for Wells Fargo in accordance with the Federal Rules of Civil Procedure.

23. Submissions of the Parties relative to the Settlement, including memoranda in support of the Settlement, applications for attorney's fees and reimbursement of expenses by Class Counsel, and any applications for the payment of services rendered by the Named Plaintiff shall be filed with

the Clerk of the Court **no later than 10 days before the Final Approval Hearing Date** with a service copy to Counsel for Wells Fargo.

24. All other events contemplated under the Agreement and Addendum to occur after entry of this Order and before the Final Approval Hearing shall be governed by the Agreement and Addendum and the Class Mail Notice, to the extent not inconsistent with this Order. Class Counsel and Counsel for Wells Fargo shall take such further actions as are required by the Agreement and Addendum.

25. The Parties shall be authorized to make non-material changes to the Class Mail Notice, without notice to the Court, provided Class Counsel and Counsel for Wells Fargo agree.

26. The Litigation is hereby stayed until further order of this Court, other than as may be necessary to effectuate the Settlement and carry out the terms of the Agreement and Addendum or the responsibilities related or incidental thereto.

27. If Final Approval of the Settlement does not occur, or if the Settlement does not become effective on or before the Effective Date as provided in the Agreement, or if the Settlement is rescinded or terminated for any reason, the Settlement and all proceedings had in connection therewith shall be deemed null and void and without prejudice to the rights of the Parties before the Settlement was executed and made, and this Order and all other Orders issued pursuant to the Settlement shall be vacated, rescinded, canceled, annulled and deemed "void" and/or "no longer equitable" or set aside for a reason that otherwise "justifies relief" for purposes of Federal Rule of Civil Procedure 60(b) as provided in and subject to paragraph 13 of the Agreement.

28. Neither this Order, the Agreement, the Addendum, nor any of their terms or provisions, nor any of the negotiations between the Parties or their counsel (nor any action taken to carry out this Order), is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of: (a) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion; (b) the truth or relevance of any fact alleged by Plaintiff; (c) the existence of any class alleged by Plaintiff; (d) the propriety of class certification if this action

were to be litigated rather than settled; (e) the validity of any claim or any defense that has been or could have been asserted in this action or any other litigation; (f) that the consideration to be given to Settlement Class Members pursuant to the Settlement represents the amount which could be or would have been recovered by any such persons after trial; or (g) the propriety of class certification in this action or any other lawsuit or proceeding. Entering into or carrying out the Agreement and Addendum, and any negotiations or proceedings related to them, shall not in any way be construed as, or deemed evidence of: (i) any liability or admission on the part of Wells Fargo or its parent or subsidiary companies, or any of the Doe Defendants, or to establish the existence of any condition constituting a violation of or non-compliance with any federal, state, local or other applicable law, rule, regulation, guideline or other legal requirement; (ii) the truth or relevance of any fact alleged by Plaintiff; (iii) the existence of any class alleged by Plaintiff; (iv) the propriety of class certification if the Litigation were to be litigated rather than settled; (v) the validity of any claim or any defense that has been or could have been asserted in the Litigation or in any other litigation; (vi) that the consideration to be given to Settlement Class Members hereunder represents the amount which could be or would have been recovered by any such persons after trial; or (vii) the propriety of class certification in any other proceeding or action. Entering into or carrying out the Agreement and Addendum, and any negotiations or proceedings related to them, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Wells Fargo's denials, defenses, factual or legal positions, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as necessary in a proceeding to enforce the terms of this Order and the Agreement and Addendum, or to prove or show that a compromise in settlement of the Released Claims per the Agreement and Addendum, in fact, was reached; provided, however, that this Order, the Agreement, and the Addendum may be filed by Wells Fargo in any action against or by Wells Fargo or the Released Persons to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim. Wells Fargo expressly

reserves all procedural and substantive rights and defenses to all claims and causes of action and does not waive any such rights or defenses in the event that the Agreement and Addendum are not approved for any reason.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2012.

>
*/s/ John T. Maughmer*  
**John T. Maughmer**  
**United States Magistrate Judge**