UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **JEANNE DYCUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 4:11-cv-00491-JTM |
| | ) | |
| **WELLS FARGO BANK N.A. d/b/a** | ) | |
| **WELLS FARGO HOME MORTGAGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

ORDER FINALLY APPROVING CLASS ACTION
SETTLEMENT AND CERTIFYING A CLASS FOR SETTLEMENT PURPOSES

Upon careful review and consideration of the Parties' Settlement and Release Agreement, dated May 15, 2012 (the "Agreement"), and the Parties Addeundum to Settlement and Release Agreement, dated June 22, 2012 (the "Addendum"), the evidence and arguments of counsel as presented at the Final Approval Hearing held on October 10, 2012, the memoranda filed with this Court, and all other filings in connection with the Parties' settlement as memorialized in the Agreement and Addendum (the "Settlement"); and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Other Documents**. This Order incorporates and makes the following a part hereof:

   a. The Agreement and Addendum, filed with the above Court on or about June 25, 2012; and

   b. The following exhibits to the Agreement: (i) Exhibit A (Proposed Class Mail Notice); (ii) Exhibit B (Proposed Final Approval Order); (iii) Exhibit C (Proposed

Final Judgment); (iv) Exhibit D (Proposed Preliminary Approval Order); and (v) Exhibit E (Protective Order).

Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

2. **Jurisdiction**. Because adequate notice was disseminated and all potential members of the Settlement Class (as defined below) were given notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the Settlement Class. The Court has subject matter jurisdiction over the Litigation, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, and to dismiss the Litigation with prejudice.

3. **Final Class Certification**. The Settlement Class, which this Court previously certified preliminarily, is hereby finally certified for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finding that for purposes of settlement the Settlement Class fully satisfies all of the applicable requirements of Rule 23 and due process. The Settlement Class is defined as follows:

> All persons who obtained a "Second Mortgage Loan," as defined in Mo. Rev. Stat. § 408.231.1, with an interest rate greater than 10%, that was secured by a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by SouthStar Funding, LLC, at any time, and was thereafter purchased by, assigned to, and/or serviced by Wells Fargo, and who did not timely exercise their right and option to exclude themselves from the Settlement Class.

4. No members of the Settlement Class timely requested to be excluded from or "opted out" of the Settlement Class and no member of the Class has objected to the proposed Settlement. **Adequacy of Representation**. There are no apparent conflicts of interest between Named Plaintiff Jeanne Dycus and the Settlement Class, or among the members of the

Settlement Class.  Plaintiff's Counsel will fairly and adequately represent and protect the interests of the Settlement Class.  Accordingly, Named Plaintiff Jeanne Dycus and Mitchell L. Burgess, of the law firm Burgess & Lamb, P.C., and Ralph K. Phalen, of the law firm Ralph K. Phalen Law PC ("Plaintiff's Counsel" or "Class Counsel"), have satisfied the requirements of Fed. R. Civ. P. 23 and are hereby appointed and approved as representative of the Settlement Class and Counsel for the Settlement Class, respectively.

5. **Class Notice**.  The Court finds that the Class Mail Notice and its distribution to the Settlement Class as implemented pursuant to the Agreement and the Preliminary Approval Order:

a. Constituted the best practicable notice to the members of the Settlement Class under the circumstances of this Litigation;

b. Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of (i) the pendency of this Litigation and the proposed Settlement, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including, but not limited to, the following: final certification of the Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of the Named Plaintiff and/or Class Counsel's representation of the Settlement Class; the proposed awards of attorney's fees; and the proposed incentive award), (iv) their right to appear at the Final Approval Hearing if they did not exclude themselves from the Settlement Class, and (v) the binding effect of the Orders and Judgment in the Litigation on all members of the Settlement Class who did not request exclusion;

c. Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

d. Constituted notice that fully satisfied the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law.

6. **Final Settlement Approval**. The terms and provisions of the Agreement and Addendum, including all exhibits, have been entered into in good faith and as a result of arm's length negotiations, and the Agreement and Addendum are fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the laws of the state of Missouri, the United States Constitution (including the Due Process Clause), and any other applicable law. The Parties are hereby directed to implement and consummate the Agreement and Addendum according to their terms and provisions.

7. **Binding Effect**. The terms of the Agreement, Addendum, this Order and the accompanying Final Judgment shall be forever binding on all of the Settlement Class Members, as well as their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The terms of the Agreement, Addendum, this Order and the accompanying Final Judgment shall have *res judicata* and other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement.

8. **Releases**. The Releasors, as defined in Paragraph 2.17 of the Agreement, shall be bound by the Releases provided in Paragraph 6 of the Agreement, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Agreement or Settlement. The Releases are effective as of the Effective Date specified in

4

Paragraph 12 of the Agreement. The Court expressly adopts all defined terms in paragraph 6 of the Agreement, including but not limited to, the definitions of the persons and claims covered by the Releases (which are set forth at paragraphs 2.17, 2.18 and 2.19 of the Agreement).

9. **Enforcement of Settlement.** Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action by any Party to enforce the terms of the Agreement and Addendum.

10. **Additional Payment to Named Plaintiff Jeanne Dycus.** The Court hereby awards $5,000.00 to be paid from the Settlement Fund to Plaintiff Jeanne Dycus as an incentive award for her services as a representative plaintiff in this Litigation.

11. **Attorney's Fees.** The Court awards Plaintiff's Counsel attorney's fees of $1,800,000.00. The Court finds and concludes that this award to Plaintiff's Counsel for work and services in this case and in connection with the Settlement is reasonable for the reasons stated in Class Counsel's Application for Award of Attorney's Fees.

12. **No Other Payments**. The preceding paragraphs of this Final Approval Order cover, without limitation, any and all claims for attorney's fees and expenses, costs or disbursements incurred by Plaintiff's Counsel or any other counsel representing Plaintiff Jeanne Dycus as representative of the Settlement Class or the Settlement Class Members, or incurred by Jeanne Dycus or the Settlement Class Members, in connection with or related in any manner to this Litigation, the Settlement of this Litigation, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in this Final Approval Order or the Agreement.

13. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the

finality of this Final Approval Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the Agreement, Addendum, and Settlement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose as permitted by applicable law, including, without limitation:

    a.    enforcing the terms and conditions of the Agreement, Addendum, and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Addendum, Settlement, this Final Approval Order or the Final Judgment (including, without limitation, whether a person is or is not a member of the Settlement Class or a Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Final Judgment);

    b.    entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund;

    c.    vacating, rescinding, canceling, annulling and deeming "void" and/or "no longer equitable" for purposes of Fed. R. Civ. P. 60(b) this Final Approval Order and/or the Final Judgment pursuant to the Agreement in the event the Settlement does not (or cannot) become effective as provided in paragraph 13 of the Agreement; and

    d.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

14. **No Admissions.**  Neither this Final Approval Order, nor the accompanying Final Judgment, nor the Agreement or Addendum, nor any of their terms or provisions, nor any of the negotiations between the Parties or their counsel, nor any action taken to carry out this Order or the Final Judgment, is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of: (i) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion; (ii) the truth or relevance of any fact alleged by Plaintiff; (iii) the existence of any class alleged by Plaintiff; (iv) the propriety of class certification if this action were to be litigated rather than settled; (v) the validity of any claim or any defense that has been or could have been asserted in this action or any other litigation; (vi) that the consideration to be given to Settlement Class Members pursuant to the Settlement represents the amount which could be or would have been recovered by any such persons after trial; or (vii) the propriety of class certification in this action or any other lawsuit or proceeding. Entering into or carrying out the Agreement and Addendum, and any negotiations or proceedings related to them, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Wells Fargo's denials, defenses, factual or legal positions, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except (i) as necessary in a proceeding to enforce the terms of this Order and the Agreement and Addendum, or to prove or show that a compromise in settlement of the Released Claims per the Agreement and Addendum, in fact, was reached; provided, however, that this Order and the Agreement and Addendum may be filed by Wells Fargo in any action against or by a Wells Fargo or the Released Persons to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement,

judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15. **<u>Dismissal of Litigation</u>.** The Litigation is dismissed with prejudice, without fees or costs to any party, except as otherwise provided in the Agreement, this Order and/or the Final Judgment, and subject to the Court's retention of jurisdiction to vacate, rescind, cancel, annul and deem "void" and/or "no longer equitable" for purposes of Fed. R. Civ. P 60(b) this Final Approval Order and/or the Final Judgment and reinstate the claims of Plaintiff Jeanne Dycus and the Settlement Class Members pursuant to the Agreement in the event the Settlement does not (or cannot) become effective as provided in paragraph 13 of the Agreement.

16. **<u>Separate Judgment</u>.** The Court will separately enter the accompanying Final Judgment.

IT IS SO ORDERED.

Dated this 10th day of October, 2012.

/s/ *John T. Maughmer*
Honorable John T. Maughmer
Judge of the United States District Court