UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **JEANNE DYCUS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:11-cv-00491-JTM |
| ) | |
| **WELLS FARGO BANK N.A. d/b/a** ) | |
| **WELLS FARGO HOME MORTGAGE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## FINAL JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The settlement of the claims of the Settlement Class on the terms set forth in the Parties' Settlement and Release Agreement ("Agreement"), dated May 15, 2012, and the Parties' Addendum to Settlement and Release Agreement (Addendum"), dated June 22, 2012, is approved, and the following settlement class is granted final certification for settlement purposes under Fed. R. Civ. P. 23:

> All persons who obtained a "Second Mortgage Loan," as defined in Mo. Rev. Stat. § 408.231.1, with an interest rate greater than 10%, that was secured by a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by SouthStar Funding, LLC, at any time, and was thereafter purchased by, assigned to, and/or serviced by Wells Fargo, and who did not timely exercise their right and option to exclude themselves from the Settlement Class.

(the "Settlement Class").

2. Individual notice complying with Rule 23 was sent to the last-known address of each member of the Settlement Class as warrantied by Wells Fargo. The Court finds all

members of the Settlement Class to be Settlement Class Members and finds that all such persons are bound by this Final Judgment.

3. The Litigation is dismissed on the merits and with prejudice according and subject to the terms set forth in the Agreement and Addendum and in the Court's Order Finally Approving Class Action Settlement and Certifying a Class for Settlement Purposes, dated this same date (the "Approval Order"), without costs to any party except as provided in the Approval Order.

4. Plaintiff Jeanne Dycus and all members of the Settlement Class who did not timely exclude themselves from the Settlement Class shall be bound by the Releases provided in Paragraph 6 of the Agreement.

5. Subject to Paragraph 13(c) of the Approval Order, the Releasors, as defined in Paragraph 2.17 of the Agreement, are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims, as defined in Paragraph 2.19 of the Agreement, against the Released Persons, as defined in Paragraph 2.18 of the Agreement.

6. Subject to Paragraph 13(c) of the Approval Order, all claims for contribution, indemnity or other claims over, whether asserted, unasserted or asserted in a representative capacity, inclusive of interest, taxes and costs, related to the Released Claims, as defined in Paragraph 2.19 of the Agreement, which could have been brought in this Litigation by any person or party against a Released Persons as defined in Paragraph 2.18 of the Agreement (unless such claim over is made in respect to a claim by a person or party who is not a Releasor, as defined in Paragraph 2.17 of the Agreement), are permanently barred, prohibited and enjoined.

7. The Court will retain continuing jurisdiction over this Litigation and each of the matters set forth in paragraph 13 of the Approval Order for the purposes set forth in the Approval Order.

8. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

IT IS SO ORDERED.

Dated this 10th day of October, 2012

> */s/ John T. Maughmer*
> **John T. Maughmer**
> **Judge of the United States District Court**